# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>   vs.<br>JESUS CUETO-GARCIA,<br><br>                           Defendant. | CASE NO. 07cr2521 WQH<br><br>ORDER |

Hayes, Judge:

The matter before the Court is Defendant's Motion to Suppress Evidence and Statements (#19).

## FACTS

On August 26, 2007 at around 4:45 p.m., United States Border Patrol Agent Steven Marosi responded to a radio report of a dark colored sport utility vehicle driving on Bear Valley Road. Bear Valley Road is located approximately ten miles east of Tecate and twelve miles north of the border. Bear Valley Road circumvents the Highway 80 westbound checkpoint and is known to Agent Marosi to be used by smugglers.

Around 5:10 p.m., Agent Marosi saw a grey Chevy Trailblazer leave the northern Bear Valley Road gate. This area is generally closed to civilian traffic and limited to park service rangers and California Department of Forestry and Fire Protection. The gate should be locked at all times to regular traffic but was open on this occasion. Agent Marosi called in to dispatch

to check the license plate of the Chevy Trailblazer. Agent Marosi received the report that the vehicle was not reported stolen and that the vehicle was registered to a company in the Los Angeles area.

Agent Marosi called for backup and stopped the vehicle because the vehicle was driving in an area closed to civilian traffic and frequently used to circumvent a border patrol checkpoint. Agent Marosi questioned the driver and the passenger (the defendant in this case) about their immigration status. The driver admitted that he was a Mexican citizen without permission to enter the United States and was placed under arrest. Defendant told Agent Marosi that he and the driver were sightseeing in the mountains. Agent Marosi noticed a black blanket covering people in the back area of the vehicle. Seven individuals were found in the back of the vehicle and admitted they were Mexican citizens without documents to enter the U.S. legally.

At the station, agents discovered the Defendant's criminal and immigration history and read him his *Miranda* rights. Defendant requested an attorney and questioning ceased.

On September 12, 2007, the grand jury returned an indictment against the Defendant charging that he is an alien, who previously had been excluded, deported and removed from the United Stated to Mexico found in the United States without permission to renter in violation of 8 U.S.C. Section 1326 (a) and (b).

## CONTENTIONS OF PARTIES

Defendant moves to suppress statements and evidence on the grounds that the vehicle stop was illegal. Defendant contends that Agent Marosi lacked specific articulable facts to form a reasonable suspicion to stop the vehicle in which he was a passenger. Defendant contends that all evidence derived from the illegal stop should be suppressed.

The Government contends that the circumstances of the stop along with Agent Marosi's training and experience lead him to a reasonable suspicion that the vehicle may have contained illegal immigrants. The Government further contends that the identity of the Defendant is not suppressible as fruit of the poisonous tree even if the stop was not legal.

## RULING OF THE COURT

Border patrol agents have the authority to stop automobiles in areas near the Mexican border to question the occupants about their citizenship and immigration status upon "reasonable suspicion." *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 882 (1975). "Any number of factors may be taken into account in deciding whether there is reasonable suspicion to stop a car in the border area. Officers may consider the characteristics of the area in which they encounter a vehicle. Its proximity to the border, the usual patterns of traffic on a particular road, and previous experience with alien traffic are all relevant. . . . They may also consider information about recent illegal border crossing in the area. The driver's behavior may be relevant. . . Aspects of the vehicle itself may justify suspicion." 422 U.S. at 885.

In this case, the vehicle was within close proximity to the border in an area known to the government agent be used to avoid a border checkpoint. The vehicle was exiting from an area closed to civilian traffic and the vehicle was large enough to conceal aliens. The Court concludes that these circumstances along with Agent Marosi's training and experience lead him to a reasonable suspicion that the vehicle may contain illegal immigrants. The Court concludes that the stop was legal. Even if the stop was not legal, the Defendant is not entitled to suppression of his identity learned in connection with an illegal stop. *See United States v. Garcia-Beltran*, 443 F.3d 1126 (9th Cir. 2005); *See also United States v. Guzman-Bruno*, 27 F.3d 420, 421 (9th Cir. 1994)("A defendant's identity need not be suppressed merely because it is discovered as the result of an illegal arrest or search. There is no sanction to be applied when an illegal arrest only leads to discovery of a man's identity.").

IT IS HEREBY ORDERED that Defendant's Motion to Suppress Evidence and Statements (#19) is denied.

DATED: June 4, 2008

*William Q. Hayes* (signature)
**WILLIAM Q. HAYES**
United States District Judge